# UNITED STATES DISTRICT COURT
## FOR THE
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WILLIAM SUMNER, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | **Case No.:** |
| v. | ) | |
| | ) | **COMPLAINT AND DEMAND FOR** |
| PHILLIPS & COHEN ASSOCIATES, | ) | **JURY TRIAL** |
| LTD., | ) | |
| | ) | **(Unlawful Debt Collection Practices)** |
| Defendant | ) | |

## COMPLAINT

WILLIAM SUMNER ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against PHILLIPS & COHEN ASSOCIATES, LTD. ("Defendant"):

### INTRODUCTION

1.    Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA").

### JURISDICTION AND VENUE

2.    Jurisdiction of this court arises pursuant to 15 U.S.C. §1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28

1

U.S.C. §1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3.    Defendant is a national debt collection company with its United States headquarters located in Wilmington, Delaware; as such, personal jurisdiction is established.

4.    Venue is proper pursuant to 28 U.S.C. §1391(b)(1).


## PARTIES

5.    Plaintiff is a natural person residing in Bartow, Florida 33830.

6.    Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

7.    In the alternative, Plaintiff is a person granted a cause of action under the FDCPA. See 15 U.S.C. § 1692k(a) and Wenrich v. Cole, 2000 U.S. Dist. LEXIS 18687 (E.D. Pa. Dec. 22, 2000).

8.    Defendant is a national debt collection company with its corporate headquarters located at 1002 Justison Street, Wilmington, Delaware 19801.

9.    Defendant is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

PLAINTIFF'S COMPLAINT

10.    Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11.    At all relevant times, Defendant was attempting to collect an alleged consumer debt.

12.    The alleged debt, originally owed to GE Capital Retail Bank for a Dental Care Credit, arose out of transactions, which were primarily for personal, family, or household purposes.

13.    Plaintiff does not owe the debt that Defendant was seeking to collect.

14.    Plaintiff's deceased wife, Dorothy Sumner, was allegedly obligated to pay the debt.

15.    After Plaintiff's wife passed away, Defendant began to collect the debt, holding itself out as assignee of GE Capital Retail Bank.

16.    In furtherance of collection, Defendant sent Plaintiff correspondence. See Exhibit A, June 11, 2012, letter to the Estate of Dorothy Sumner. In this letter Defendant failed to identify itself as a debt collector.  See Exhibit A.

17.    Defendant misrepresented "…it is our goal to assist the authorized person in administering the final affairs…." See Exhibit A. In fact, Defendant's

PLAINTIFF'S COMPLAINT

goal is to collect debt, as it is a debt collector, whose interests are adverse to the consumer, Plaintiff herein.

18.    Defendant chose the timing and quantity of collection calls as a means of harassment. In particular, in June 2012, Defendant called on a repetitive or continuous basis to secure an agreement by Plaintiff to pay the alleged debt.

19.    In one week alone, Defendant called as often as three (3) times each day, and on multiple occasions, Defendant called at or around 10:00 p.m. Defendant knew such timing and frequency of calls to be unlawful and in violation of the FDPCA.

20.    Plaintiff attempted to stop the calls by picking up the receiver and then immediately hanging-up, an unmistakable indicator that the calls were not going to be entertained, yet Defendant persisted.

21.    Defendant used the content of its collection calls as a means to harass and deceive Plaintiff, for example, on at least one occasion, threatening to commence legal action for non-payment knowing that it did not intend to sue, knowing that Plaintiff did not owe the debt and knowing he was not responsible for its payment.

22.    Upon information and belief, Defendant did not intend to take, or could not legally take such actions, at the time that it made that threat.

PLAINTIFF'S COMPLAINT

## DEFENDANT VIOLATED THE
## FAIR DEBT COLLECTION PRACTICES ACT

### COUNT I

23.    Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. §1692c(a)(1).

    a. A debt collector violates §1692c(a)(1) of the FDCPA by communicating with the consumer at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer,  including communication between a debt collector and consumer prior to 8:00 a.m. or after 9:00 p.m.

    b. Here, Defendant violated §1692c(a)(1) of the FDCPA by placing collection calls to Plaintiff after 9:00 p.m.

### COUNT II

24.    Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. §§1692d and 1692d(5).

    a.  A debt collector violates §1692d  of the FDCPA  by engaging in conduct of the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

    b.  A debt collector violates §1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly  or  continuously  with  the  intent  to  annoy,  abuse,  or

harass any person at the called number.

c. Here, Defendant violated §§1692d and 1692d(5) of the FDCPA by calling Plaintiff multiple times per day on multiple days per week, and by calling Plaintiff immediately after Plaintiff hung up on Defendant, with the intent to annoy, abuse, and harass Plaintiff.

## COUNT III

25. Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. §§1692e, 1692e(2)(B), 1692e(5) and 1692e(11) of the FDCPA.

a. A debt collector violates §1692e of the FDCPA by using false, deceptive or misleading representations or means in connection with the collection of any debt.

b. A debt collector violates §1692e(2)(B) of the FDCPA by falsely representing any services rendered or compensation which many be lawfully received by any debt collector for the collection of a debt.

c. A debt collector violates §1692e(5) of the FDCPA by threatening to take any action that cannot legally be taken or that is not intended to be taken.

d. A debt collector violates §1692e(11) of the FDCPA by failing to disclose in the initial written communication with the consumer

PLAINTIFF'S COMPLAINT

that the debt collection is attempting to collect a debt and that any information obtained will be used for that purpose.

e. Here, Defendant violated §§1692e, 1692e(2)(B), 1692e(5) and 1692e(11) of the FDCPA by representing that it was offering assistance in the administration of final affairs; by threatening to take legal action against Plaintiff if he did not make a payment on the alleged debt, lacking the intent to take such action; and by failing to state in its initial communication with Plaintiff that it was a debt collector and that any information obtained would be used for debt collection purposes.

## COUNT IV

26. Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. §§1692f and 1692f(1) of the FDCPA.

a. A debt collector violates §1692f of the FDCPA by using unfair or unconscionable means to collect or attempt to collect any debt.

b. A debt collector violates §1692f(1) of the FDCPA by collecting an amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

c. Here, Defendant violated §§1692f and 1692f(1) of the FDCPA

7

engaging in other unfair and unconscionable debt collection practices, including collecting an amount from Plaintiff that he did not owe.

WHEREFORE, Plaintiff, WILLIAM SUMNER, respectfully prays for a judgment as follows:

    a.  All actual damages suffered pursuant to 15 U.S.C. §1692k(a)(1);

    b.  Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. §1692k(a)(2)(A);

    c.  All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. §1693k(a)(3); and

    d.  Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, WILLIAM SUMNER, demands a jury trial in this case.

PLAINTIFF'S COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

RESPECTFULLY SUBMITTED,

Date: 02/27/2013

By: /s/ W. Chrispther Componovo
W. Christopher Componovo
Attorney ID #3234
Kimmel & Silverman, P.C.
Silverside Carr Executive Center
Suite 118, 501 Silverside Road
Wilmington, DE 19809
Phone: (302) 791-9373
Facsimile: (302) 791-9476

9

PLAINTIFF'S COMPLAINT